UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JASON WILLIAM CZECH,<br><br>Defendant. | Case No. 1:21-cr-00170-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is Defendant Jason Czech's Motion to Reduce Sentence (Dkt. 47) and the Government's Motion to Dismiss (Dkt. 49).

Having reviewed the record and briefs, the Court finds the facts and legal arguments are adequately presented. Accordingly, the Court will decide the Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).[1] Upon review, and for the reasons set forth below, the Court DENIES Czech's Motion and GRANTS the Government's Motion.

## II. BACKGROUND

Czech recently filed a Motion for Sentence Reduction. Dkt. 47. His Motion is virtually identical to other motions the Court has received from inmates housed at the Federal Correctional Institution in Sheridan, Oregon ("FCI Sheridan"). This form

---

[1] Although this is a criminal case, the local civil rule regarding hearings applies as there is no corresponding criminal rule. *See* Dist. Idaho Loc. Crim. R. 1.1(f) (explaining that "all general provisions of the Local Rules of Civil Practice apply to criminal proceedings unless such provisions are in conflict with or are otherwise provided for by the Federal Rules of Criminal Procedure or the Local Rules of Criminal Practice").

MEMORANDUM DECISION AND ORDER - 1

motion—that, as will be explained below, was likely written by another inmate—alleges problematic conditions at FCI Sheridan because of the COVID-19 pandemic and requests a reduction in Czech's sentence. *See generally* Dkt. 47.

### III. LEGAL STANDARD

Czech seeks compassionate release under the First Step Act ("FSA"), amended 18 U.S.C. § 3582(c)(1)(A), which allows a court to modify a sentence under certain circumstances. In order to grant compassionate release, a district court must, as a threshold matter, determine whether a defendant has exhausted his or her administrative remedies. *Id*. Next, a district court may grant compassionate release only if "extraordinary and compelling reasons warrant such a reduction," and the reduction is "consistent with applicable policy statements" issued by the U.S. Sentencing Commission.[2] *Id*. If the latter criteria are met, the district court must then consider the sentencing factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable. *Id*.; *United States v. Rodriguez*, 424 F. Supp. 3d 674, 680 (N.D. Cal. 2019).

### IV. DISCUSSION

In this case, the Court never reaches the merits of Czech's motion because he has failed to comply with the applicable mandatory exhaustion requirements.

The FSA allows a motion for modification to be made by either the Director of the

---

[2] Congress did not define what constitutes "extraordinary and compelling" reasons; instead, it deferred consideration of the matter to the Sentencing Commission. *Rodriguez*, 424 F. Supp. 3d at 681 (citing 18 U.S.C. § 994(t) ("The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of Title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples.").

MEMORANDUM DECISION AND ORDER - 2

BOP, or by a defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A).

In his Motion, Czech claims he submitted a "cop-out" to the Warden at FCI Sheridan on July 22, 2023. Dkt. 47, at 1. FCI Sheridan, however, has no record of Czech submitting anything during that timeframe.[3] Dkt. 49-2, at 1.

Exhaustion under Section 3582(c) is mandatory. As the Ninth Circuit has made clear, "a district court may not reach the merits of a compassionate release motion if the government has properly objected in the district court to the defendant's failure to exhaust." *United States v. Ransom*, 859 F. App'x 58, 59 (9th Cir. 2021). *See also United States v. Keller*, 2 F.4th 1278, 1282-83 (9th Cir. 2021) (a district court may not overlook a timely exhaustion objection because "§ 3582(c)(1)(A)'s administrative exhaustion requirement is mandatory and must be enforced when properly raised by the government").

Here, the Government properly raised an exhaustion objection in its Motion to Dismiss. Dkt. 49. Czech did not respond to the argument and the time to do so has long passed. Ultimately, there is no evidence in the record that Czech exhausted his administrative remedies. Nor is there any indication exhaustion was not available under the

---

[3] As noted, the Court is dealing with multiple identical motions from individuals at FCI Sheridan. At the top of many of the motions is an inmate identification number *not* associated with the individual submitting the motion. In other words, it appears one (or more) inmates created this "fill-in-the-blank" style pleading and circulated it to other inmates for use. Here, Czech put his own inmate number on the top of the motion but the "cop-out" date of July 22, 2023, is identical to the date the Court has seen in other motions. Regardless, FCI Sheridan has no record of Czech submitting any type of request to the Warden as statutorily required.

MEMORANDUM DECISION AND ORDER - 3

circumstances.

Accordingly, the Court must dismiss Czech's Motion for failure to comply with the administrative requirements of § 3582(c)(1)(A).

## V. ORDER

The Court HEREBY ORDERS:

1. Czech's Motion to Reduce Sentence (Dkt. 47) is DENIED.

2. The Government's Motion to Dismiss (Dkt. 49) is GRANTED.

DATED: February 6, 2024

_____
David C. Nye
Chief U.S. District Court Judge